IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANIBAL DE JESUS MARCOS LAZARO,<br><br>    Petitioner,<br><br>v.<br><br>SAM OLSON, *et al.*,<br><br>    Respondents. | Case No. 25 C 15085<br><br>Hon. LaShonda A. Hunt |

### ORDER

    Petitioner Anibal de Jesus Marcos Lazaro brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he is being unlawfully detained during the pendency of removal proceedings. For the reasons discussed below, the Court grants Petitioner's Petition for Writ of Habeas Corpus [1] as set forth herein. Respondents are ordered to provide Petitioner with a bond hearing **by December 23, 2025, or release Petitioner from custody under reasonable conditions of supervision**. By **December 30, 2025**, the parties shall file a joint status report informing the Court as to Petitioner's release status, when Petitioner received his bond hearing, the result of the bond hearing, and any findings made by the Immigration Judge.

### STATEMENT

    Petitioner, a citizen of Guatemala, arrived in the United States over 20 years ago in approximately 2003 and lives in Bloomington, Illinois. (Pet. ¶¶ 20, 24, Dkt. 1). Petitioner currently has a pending Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents and was detained by agents of the Department of Homeland Security ("DHS") at a check-in appointment with the Department on December 11, 2025. (*Id.* ¶¶ 29, 31). Petitioner claims that he has not been given the opportunity to post bond or to be released on other conditions. (*Id.* ¶ 36).

    Petitioner brings one claim for violation of the Immigration and Nationality Act.[1] (*Id.* ¶¶ 85-90). Among other relief, Petitioner requests that this Court issue a Writ of Habeas Corpus

---

[1] Although Petitioner seeks relief pursuant to his purported membership in a nationwide bond eligible class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.), the Court independently finds that the relief sought for violation of the INA is appropriate for the reasons set forth herein without making any determination with respect to his rights under or the effect of *Maldonado Bautista*.

requiring Respondents to release Petitioner or provide Petitioner with a bond hearing. (*Id.* at 22-23).[2]

In response, Respondents contend that the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I.&N. Dec. 216 (BIA 2025), which was decided in September 2025, applies to this case and thus Petitioner—a foreign national who entered the United States without inspection—is not entitled to a bond hearing under Section 1226(a). (Resp. at 53-54; Dkt. 9). In addition, Respondents argue that the Court lacks jurisdiction over the issues presented in this case pursuant to jurisdictional bars in 8 U.S.C. § 1252 and that those never admitted to the United States do not qualify for bond. (*Id.*). Respondents have raised these arguments in other similar cases throughout this District and across the country and they acknowledge that this case "is not distinguishable from them in any material respect." (*Id.* at 53). Nonetheless, their arguments have repeatedly been rejected, and, with this Order, are rejected yet again.

Many courts, now including the Seventh Circuit, have considered issues nearly identical, if not identical, to the ones presented in this case. Each has held that the petitioner is entitled to, at a minimum, a bond hearing pursuant to Section 1226(a). *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2025 WL 3552514, at *9 (7th Cir. Dec. 11, 2025) ("conclud[ing] that Defendants are not likely to succeed on the merits of their argument that those individuals, whom ICE arrested in Chicago without a warrant, are subject to mandatory detention under § 1225(b)(2)(A)); *Ochoa Ochoa v. Noem et al.*, Case No. 25 C 10865, 2025 WL 2938779 (N.D. Ill. Oct. 16, 2025); *H.G.V.U. v. Smith et al.*, Case No. 25 C 10931, 2025 WL 2962610 (N.D. Ill. Oct. 20, 2025); *Z.T. et al. v. Smith et al.*, Case No. 25 C 12802 at Dkt. 14 (N.D. Ill. Oct. 21, 2025); *Torres Maldonado v. Crowley*, Case No. 25 C 12762 at Dkt. 16 (N.D. Ill. Oct. 24, 2025). The Court has thoroughly reviewed these rulings and adopts their well-reasoned analyses and conclusions. The Court acknowledges that some courts have reached the opposite conclusion (Resp. at 54-55) but finds the decisions applying 8 U.S.C. § 1226(a) to be more convincing. Thus, Respondents are ordered to provide Petitioner with a bond hearing **by December 23, 2025, or release Petitioner from custody under reasonable conditions of supervision**. By **December 30, 2025**, the parties shall file a joint status report informing the Court as to Petitioner's release status, when Petitioner received his bond hearing, the result of the bond hearing, and any findings made by the Immigration Judge. The Court will enter an appropriate order after reviewing the joint status report.

**DATED**: December 18, 2025

**ENTERED**:

*LaShonda A. Hunt*

LaShonda A. Hunt
United States District Judge

---

[2] Unless otherwise noted, page numbers in citations to the docket reference "PageID #" in the CM/ECF header of the filing, not other page numbers in the header or footer of the document.